UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARVELL OLIVER | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  3:25-cv-03368-l |
| | § | |
| CLP CIRCULAR SERVICES LLC, | § | |
| BALCONES RECYCLING, LLC, | § | |
| CLOSED LOOP PARTNERS, LLC | § | |
| BALCONES RESOURCES, INC. | § | |
| | § | |
| *Defendants.* | § | |

## JOINT 26(f) STATUS REPORT AND PROPOSED SCHEDULING PLAN

In accordance with the Court's February 13, 2026 Order Requiring Conference and Joint Status Report [Dkt. No. 23] and Rule 26(f)(3) of the Federal Rules of Civil Procedure, the Parties, Plaintiff Carvell Oliver ("Plaintiff" or "Oliver") and Defendants, CLP Circular Services, LLC ("CLP"), Balcones Recycling, LLC ("Balcones Recycling"), Closed Loop Partners, LLC ("Closed Loop") and Balcones Resources, LLC f/k/a Balcones Resources, Inc. ("Balcones Resources") (collectively "Defendants") respectfully submit this Joint 26(f) Report ("Report").

On February 26, 2026, Pro Se Plaintiff, Carvell Oliver, and counsel for Defendants, Robin Foret, conducted a Rule 26(f) Conference by telephone, and had follow-up communications regarding Plaintiff's intent to file his Unopposed Motion for Leave to file a Second Amended Complaint, which was accepted as filed on March 6, 2026.  Plaintiff and Defendants submit this Report to the Court based on the allegations contained in the Second Amended Complaint.[1]

### JOINT REPORT

(a)     A brief but specific description of the nature of the case and the contentions of the parties,

---

[1] Plaintiff filed his Second Amended Complaint on 3/6/26 with leave of court.  Defendants have considered the latest pleading in preparing content for this Joint Report.  Defendants named in the Second Amended Complaint are somewhat different from the previous complaints and are the only Defendants remaining in this case.

**Joint Rule 26(F) Report – Oliver v. Balcones, et al.**                                    **Page 1**

including identifying, as specifically as possible, (i) the key, disputed issues that are raised by each claim or defense; (ii) the specific relief that each party seeks (such as damages, restitution, and injunctive or declaratory relief), including the amount or form of each type of relief sought and the basis on which the party seeks that relief; and (iii) the issues that will require expert testimony and the expert witnesses, identified by area of expertise if not by name, who will be necessary to address those issues;

**Plaintiff's Position**.

Plaintiff, Carvell Oliver, brings this action for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 arising from his employment as a General Manager in Dallas, Texas.

Plaintiff, an African American, alleges that he was the only African American General Manager employed by Defendants during the relevant period. Plaintiff contends that, during his employment, he was subjected to disparate treatment, including repeated drug testing that was not imposed on similarly situated General Managers.

Despite this treatment, Plaintiff performed his duties successfully and received an "Exceeds Expectations" performance review in December 2023.

Plaintiff further alleges that, after he engaged in protected activity by reporting race discrimination and unfair treatment, Defendants escalated adverse actions against him. These actions included increased scrutiny, the imposition of a one-sided "Fresh Start Plan," and ultimately termination on October 28, 2024.

Plaintiff contends that Defendants stated reason for termination - restructuring or redundancy - is pretextual, as Defendants continued the General Manager role after Plaintiff's termination and installed a non-African American replacement. Plaintiff also alleges that Defendants engaged in replacement planning prior to his termination.

Plaintiff contends that Defendants operated as an integrated enterprise and/or joint employers, exercising shared control over the terms and conditions of his employment, including hiring, supervision, discipline, and termination.

The key disputed issues include, but are not limited to:
(i) whether Defendants operated as joint employers and/or an integrated enterprise;
(ii) whether Plaintiff was subjected to disparate treatment based on race, including repeated drug testing;
(iii) whether Plaintiff engaged in protected activity by reporting discrimination and whether Defendants were aware of such activity;
(iv) whether Defendants subjected Plaintiff to adverse employment actions, including the Fresh Start Plan and termination, in retaliation for protected activity;
(v) whether Defendants' stated reasons for termination were pretextual; and
(vi) the nature and extent of Plaintiff's damages.

Plaintiff seeks all relief available under applicable law, including but not limited to back pay,

**Joint Rule 26(F) Report – Oliver v. Balcones, et al.**                                    **Page 2**

front pay, compensatory damages, punitive damages, attorneys' fees, costs, and equitable relief. Plaintiff's damages continue to be evaluated and may be supplemented as discovery progresses.

Plaintiff anticipates that expert testimony may be required, including but not limited to economic damages, but reserves the right to further identify expert needs following discovery.

**Defendant's Position**. CLP, Balcones Recycling, Closed Loop and Balcones Resources deny Plaintiff's allegations of race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Section 1981. On February 12, 2026, Defendants filed their Motion to Dismiss Plaintiff's lawsuit for failure to state a claim upon which relief could be granted under Fed. R. Civ. P. 12(b)(6). Subsequently, Plaintiff filed his Unopposed Motion for Leave to file a Second Amended Complaint, which the Court granted on March 5, 2026. By virtue of the date-stamp, the Second Amended Petition appears to have been filed on March 6, 2026.

In response to the Second Amended Complaint, Defendants named therein [have filed/will file] their Renewed Motion to Dismiss Plaintiff's Second Amended Complaint under Fed. R. Civ. P. 12(b)(6). Briefly, the Renewed Motion claims that Mr. Oliver's Second Amended Complaint should be dismissed as to all Defendants for failure to allege facts sufficient to state a cause of action for race discrimination and/or retaliation under Title VII or Section 1981. First, Oliver failed to exhaust his administrative remedies required to file suit under Title VII because he did not file a Charge of Discrimination against any Defendants named in the Second Amended Complaint other than Balcones Resources. Oliver also fails to allege facts sufficient to establish any colorable claim for race discrimination or retaliation under either Title VII or Section 1981. Specifically, Plaintiff fails to allege facts sufficient to show that any employment action taken against him was related to his race, African American. Also, Oliver does not state facts to show he engaged in protected activity or that such activity caused his separation from employment.

(b)    A brief but specific explanation of the basis for this Court's jurisdiction over this action and the parties hereto, including, in any action for which 28 U.S.C. § 1332 is alleged to provide the basis for subject-matter jurisdiction, a specific description of the citizenship of the parties, and a brief but specific description of any challenges to jurisdiction or venue, including, in a case removed from state court, any challenges to procedural or jurisdictional defects in the removal;

**Defendants' Response.** This case is brought pursuant to 28 U.S.C. §1331 based on federal subject matter jurisdiction in connection with Plaintiff's claims for race discrimination pursuant to Title VII of the Civil Rights act of 1964 and 42 U.S.C. §1981.

**Plaintiff's Response** - This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law, including Title VII of the Civil Rights Act of 1964.

Plaintiff contends that the Court has personal jurisdiction over Defendants and that venue is proper in this District because the events giving rise to Plaintiff's claims occurred within

this District.

Plaintiff is not aware of any valid challenges to subject-matter jurisdiction or venue at this time.

(c)     Any pending or contemplated motions, including, in any action removed from state court, any motions that were filed in state court;

**Defendants' Response.** Defendants have filed a Motion to Dismiss Plaintiff's lawsuit for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and a Renewed Motion to Dismiss Plaintiff's Second Amended Complaint, filed on March 6, 2026. Defendants also intend to file a Motion to Stay Discovery pending the Court's ruling on their Motion to Dismiss this lawsuit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, particularly because some entities named as Defendants were not named in the EEOC Charge of Discrimination and not otherwise Oliver's employer.   To permit discovery to all Defendants would be onerous and a waste of resources.   In the alternative, discovery should be limited to determining employer status and contractual relationships.

**Plaintiff's Response**

Plaintiff acknowledges that Defendants have filed, or intend to file, a renewed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) in response to Plaintiff's Second Amended Complaint.

Plaintiff further acknowledges Defendants stated intent to seek a stay of discovery pending resolution of their motion to dismiss. Plaintiff does not agree that a stay of discovery is warranted at this stage.

Following the Rule 26(f) conference conducted on February 26, 2026, discovery is now properly triggered under the Federal Rules of Civil Procedure. Plaintiff contends that discovery should proceed in accordance with Rule 26, particularly where the claims asserted involve fact-intensive issues, including Defendants' decision-making processes, internal communications, and the relationships among Defendants.

Plaintiff further contends that delaying discovery would prejudice Plaintiff's ability to obtain evidence necessary to support his claims, particularly where relevant information is within Defendants' possession, custody, and control.

Plaintiff does not agree that discovery should be limited solely to issues such as employer status or contractual relationships, as such limitations would unduly restrict Plaintiff's ability to develop evidence relevant to liability, pretext, and damages.

Plaintiff is willing to confer regarding reasonable, proportional, and, if appropriate, phased discovery consistent with Rule 26(b), but does not agree that discovery should be stayed in its entirety. At a minimum, Plaintiff contends that initial disclosures pursuant to Rule 26(a)(1) should proceed.

(d)     A proposed deadline to file motions to amend pleadings and join additional parties;

**Defendants' Response.  March 31, 2026.**

**Plaintiff's Response**

Plaintiff does not agree that a March 31, 2026 deadline for amendment of pleadings is appropriate at this stage of the proceedings.

Plaintiff therefore proposes that the deadline for amendment of pleadings be set at a later date, such as **60 to 90 days following the Court's ruling on any pending motions to dismiss, or alternatively, a date approximately 90 to 120 days from the entry of the Court's scheduling order.**

Plaintiff is willing to confer with Defendants regarding a reasonable amendment deadline but does not agree that the proposed March 31, 2026, deadline is appropriate under the current circumstances.

(e)     A proposed deadline to file dispositive motions and other pretrial motions;

**Defendants' Response.  November 30, 2026.**

**Plaintiff's Response**

Plaintiff contends that any deadline for dispositive motions and other pretrial motions should be set after the close of fact discovery to allow the parties a full opportunity to develop the evidentiary record.

Plaintiff does not agree that dispositive motion deadlines should be set at an early stage of the proceedings, particularly where discovery has not yet occurred and where the claims involve fact-intensive issues, including Defendants' decision-making processes, treatment of similarly situated employees, and the circumstances surrounding Plaintiff's termination.

Plaintiff proposes that the deadline for dispositive motions be set approximately 30 to 60 days following the close of fact discovery.

Plaintiff is willing to confer with Defendants regarding a reasonable schedule but contends that any such deadlines should ensure that Plaintiff has a meaningful opportunity to obtain discovery.

(f)     A proposed discovery plan, including:

        (i)     An estimate of the time needed for discovery, with an explanation of the reasons

**Joint Rule 26(F) Report – Oliver v. Balcones, et al.**                                    **Page 5**

for the estimate, and a specific description of the contemplated scope, types (such as interrogatories, depositions, subpoenas, and the like), subject matter, and expected duration of discovery to be conducted by each party, consistent with Federal Rule of Civil Procedure 26(b);

**Defendants' Response. October 30, 2026 –** discovery deadline.  The Parties anticipate conducting discovery under the Federal Rules of Civil Procedure. However, as stated below, ESI and production of documents and files should be limited to Pdf documents unless a party can show the need for native format and is willing to pay the cost of obtaining and organizing native files, including outside vendor fees.  The subject matter will include reasons for employment decisions about which Plaintiff complains and his allegations of race discrimination and retaliation.

**Plaintiff's Response** - Plaintiff proposes that fact discovery proceed on a schedule allowing for meaningful document exchange and fact development within approximately **6 to 9 months following entry of a scheduling order, or such period as the Court deems appropriate**, subject to adjustment based on the progression of the case and any pending motions.

(ii)     An explanation of any issues related to the accessibility (including costs involved in accessing of), retention, preservation, disclosure, and/or discovery and production of electronically stored information, including the need for any protective order and the form or forms (such as TIF, PDF, or native; with or without metadata; and searchable or not) in which any electronically stored information should be produced and the organization of any production of electronically stored information, see FED. R. CIV. P. 34(b)(2)(E)(i)-(iii);

**Defendants' Response.**  ESI should be produced in accordance with the Federal Rules of Civil Procedure with the condition that any such documents be produced in the format in which they are maintained by the party from whom documents are requested.  Defendants object to any requirement that documents be produced in native or other formats that require burdensome efforts and possibly the assistance of an outside vendor.  Defendants request that ESI and discovery files can be exchanged in PDF format without necessity for producing native file formats.  Any party requesting ESI and/or files in native file format shall be responsible for all costs associated with obtaining and organizing such file, including any outside vendor fees.

**Plaintiff's Response-** Plaintiff does not agree that electronically stored information should be limited to PDF format or that production should be restricted to formats that do not preserve relevant metadata.

Plaintiff contends that ESI should be produced in a reasonably usable and searchable form consistent with Federal Rule of Civil Procedure 34, including, where appropriate, native or near-native formats with relevant metadata fields necessary to evaluate the authenticity, timing, and context of documents.

**Joint Rule 26(F) Report – Oliver v. Balcones, et al.**                                              **Page 6**

Plaintiff does not agree that the requesting party should automatically bear the full cost of obtaining native-format documents, particularly where such formats are reasonably necessary for the fair evaluation of evidence.

Plaintiff is willing to confer regarding reasonable protocols for ESI production, including format, scope, and proportionality, consistent with Rule 26(b).

(iii)    (A discussion of whether discovery should be conducted in phases, should be limited to certain issues, or should initially focus on the subjects and sources that are most clearly proportional to the needs of the case (such as information that is clearly going to be important to the case and is easily obtained) under Rule 26(b);

**Defendants' Response.**  The parties agree that discovery should be conducted in accordance with the Federal Rules of Civil Procedure.

**Plaintiff's Response** - Plaintiff agrees that discovery should be conducted in accordance with the Federal Rules of Civil Procedure.

(iv)    A discussion of what facts can be stipulated and what facts or factual issues are undisputed and can be removed from the scope of discovery to be conducted;

**Defendants' Response.**  That Balcones Recycling was Plaintiff's employer only.

**Plaintiff's Response** - Plaintiff does not agree that Balcones Recycling was Plaintiff's sole employer. Plaintiff contends that the relationships among Defendants, including joint employer and/or integrated enterprise issues, remain disputed and are properly the subject of discovery.

(v)    A discussion of whether the presumptive limits of 10 depositions per side, seven hours per deposition, and 25 interrogatories per party, as well as a limit of thirty Federal Rule of Civil Procedure 36 requests for admission per party, should apply in this case. Any party who suggests that these limits should not apply must set forth the reasons for variance from the rules;

**Defendants' Response.**  The parties agree that discovery should be conducted in accordance with the Federal Rules of Civil Procedure as described in (v) above.

**Plaintiff's Response** - Plaintiff agrees that discovery should proceed in accordance with the Federal Rules of Civil Procedure, including the presumptive limits set forth therein. Plaintiff reserves the right to seek modification of these limits if necessary based on the number of parties, witnesses, and issues identified during discovery.

(vi)    An explanation of any other proposed limitations on discovery;

**Defendants' Response.**  ESI should be produced in accordance with the Federal

**Joint Rule 26(F) Report – Oliver v. Balcones, et al.**                                    **Page 7**

Rules of Civil Procedure with the condition that any such documents be produced in the format in which they are maintained by the party from whom documents are requested. Defendants object to any requirement that documents be produced in native or other formats that require burdensome efforts and possibly the assistance of an outside vendor. Defendants request that ESI and discovery files can be exchanged in PDF format without necessity for producing native file formats. Any party requesting ESI and/or files in native file format shall be responsible for all costs associated with obtaining and organizing such file, including any outside vendor fees, including an advance deposit required by that vendor.

**Plaintiff's Response** - Plaintiff does not agree to the additional limitations on discovery proposed by Defendants.

Plaintiff contends that discovery, including the production of electronically stored information, should proceed in accordance with the Federal Rules of Civil Procedure, including Rules 26 and 34, and should not be restricted in a manner that limits access to relevant information or imposes undue cost burdens on the requesting party.

Plaintiff does not agree that production should be limited to PDF format and contends that ESI should be produced in a reasonably usable form, including, where appropriate, production with relevant metadata or in native format.

Plaintiff is willing to confer regarding reasonable and proportional discovery protocols, including the format and scope of ESI production, consistent with the Federal Rules.

(vii)    An explanation of any issues relating to a party's claims of privilege, work product, or other protections, including (A) whether the parties agree on a protocol for creating and exchanging privilege logs pursuant to Federal Rule of Civil Procedure 26(b)(5) and (B) whether the parties agree on a procedure to assert claims of privilege, work product, or other protections after production or to "claw back" inadvertently produced privileged or otherwise protected documents and will ask the Court to include their agreement in an order;

**Defendants' Response.** The Parties agree to abide by the Federal Rules of Civil Procedure with respect to those procedures.

**Plaintiff's Response** - Plaintiff agrees that issues relating to privilege, work product, and other protections should be governed by the Federal Rules of Civil Procedure, including Rule 26(b)(5).

Plaintiff is willing to confer regarding reasonable procedures for privilege logs and the handling of inadvertently produced privileged materials, including potential clawback provisions.

**Joint Rule 26(F) Report – Oliver v. Balcones, et al.**                                    **Page 8**

(viii)  A proposed deadline to designate expert witnesses and exchange written reports, in advance of a deadline to complete discovery; and

**Defendants' Response.**

- Plaintiff's Deadline for expert witness designations – **July 31, 2026**, with expert reports due within 15 days after designation.
- Defendants' Deadline for expert witness designations – **August 31, 2026** with expert reports due within 15 days after designation.

**Plaintiff's Response** – Plaintiff proposes that expert designation deadlines be set, if necessary, after the close of fact discovery or at a later stage determined by the Court. At this time, Plaintiff does not anticipate requiring expert testimony but reserves the right to designate experts based on information obtained through discovery.

(ix)  An explanation of any other orders that the Court should issue under Federal Rule of Civil Procedure 26(c) or Federal Rules of Civil Procedure 16(b) and 16(c); and

**Defendants' Response.** Defendants have filed a Motion to Stay Discovery and for Protective Order pending the Court's ruling on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint under Fed. R. Civ. P. 12(b)(6).

**Plaintiff's Response** - Plaintiff does not request additional orders at this time but reserves the right to seek appropriate relief under Federal Rules of Civil Procedure 26(c), 16(b), and 16(c) as necessary based on the progression of discovery and the needs of the case.

(x)  A proposed deadline to complete discovery.

**Defendants' Response. October 30, 2026.**

**Plaintiff's Response-** Plaintiff does not object to the general concept of a discovery deadline but contends that any such deadline should be set in a manner that allows for the orderly completion of discovery, including sufficient time for document production, depositions, and the resolution of any pending motions.

Consistent with Plaintiff's position regarding the scope and duration of discovery, Plaintiff proposes that discovery be permitted to proceed for approximately **6 to 9 months following the entry of a scheduling order, or such period as the Court deems appropriate**, rather than being tied to a fixed calendar date at this stage.

(g)  The position of each party regarding mediation or other forms of alternate dispute resolution, including a proposed deadline for the completion of such procedures;

**Defendants' Response.** The Parties agree to attend mediation after receiving a ruling on Defendants' Rule 12b6 motions.

**Joint Rule 26(F) Report – Oliver v. Balcones, et al.**                              **Page 9**

**Plaintiff's Response** - Plaintiff is open to participating in mediation or other forms of alternative dispute resolution.

While the parties discussed mediation following resolution of Defendants' Rule 12(b)(6) motions, Plaintiff contends that mediation may be productive at various stages of the case and should not be limited solely to that timing.

Plaintiff is willing to confer with Defendants regarding the timing of mediation and proposes that mediation occur at a mutually agreeable time that allows for meaningful evaluation of the case.

(h)    A proposed trial date and an explanation of whether a jury has been demanded;

**Defendants' Response.** *March of 2027*, a jury trial has been requested by Plaintiff.

**Plaintiff's Response** - Plaintiff confirms that a jury trial has been requested.

Plaintiff does not object to the general timeframe proposed for trial but contends that any trial date should be set in a manner consistent with the progression of discovery, resolution of motions, and overall readiness of the case.

Plaintiff is willing to confer with Defendants regarding a mutually agreeable trial date.

(i)    Any other matters relevant to the status or disposition of the case; and

**Defendants' Response.** To be determined.

**Plaintiff's Response** - Plaintiff contends that the case remains at an early stage and that the scope and timing of proceedings may be refined as discovery progresses and pending motions are resolved.

(j)    Whether the parties will consent to the magistrate judge conducting all further proceedings, including a trial (either jury or non-jury) and entry of a final judgment. Consent to the magistrate judge's authority is voluntary. Any party is free to withhold consent without adverse substantive consequences. However, a magistrate judge may often be in the best position to provide a speedy, just, and inexpensive adjudication of a civil case while still preserving the right of direct appeal to the Court of Appeals. If all parties consent to the authority of the magistrate judge, the case will be reassigned to the magistrate judge to conduct all further proceedings, including entry of a final judgment, with any appeal directly to the United States Court of Appeals for the Fifth Circuit.

**Defendants' Response.**  The parties could not agree to refer this case to the magistrate judge pursuant to 28 U.S.C. § 636(c).

**Plaintiff's Response** - Plaintiff does not consent to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).

If one or more of the parties does not consent, the parties should communicate this fact in the joint status report only by stating that "the parties could not agree to refer this case to the magistrate judge pursuant to 28 U.S.C. § 636(c)." If all parties do not consent, the case will remain with the magistrate judge for pretrial management; the magistrate judge will preside over all pretrial matters, including determining all non-dispositive motions and making recommendations on all dispositive motions; and the parties will retain the right to seek review of the magistrate judge's findings and recommendations in the manner provided by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP
By: /s/ Laura E. De Santos
Laura E. De Santos
TBN: 00793612
ldesantos@grsm.com
Robin Foret
TBN: 07256580
rforet@grsm.com
1900 West Loop South, Suite 1000
Houston, TX  77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938

Soña J. Garcia
TBN. 24045917
sjgarcia@grsm.com
2200 Ross Avenue, Suite 3700
Dallas, TX 75201
Telephone: (214) 231-4660
Facsimile: (214) 461-4053
**ATTORNEYS FOR DEFENDANTS**

And

Mr. Carvell Oliver
400 N. Ervay Street, Unit 130831
Dallas, Texas 75313
(773) 580-6172
Coliver1773@outlook.com
**PRO SE PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the pro se Plaintiff in this case as follows:

Mr. Carvell Oliver
400 N. Ervay Street, Unit 130831
Dallas, Texas 75313
(773) 580-6172
Coliver1773@outlook.com

PRO SE PLAINTIFF

/s/ Robin Foret
Robin Foret