UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARVELL OLIVER | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  3:25-cv-03368-l |
| | § | |
| CLP CIRCULAR SERVICES LLC, | § | |
| BALCONES RECYCLING, LLC, | § | |
| CLOSED LOOP PARTNERS, LLC | § | |
| BALCONES RESOURCES, INC. | § | |
| | § | |
| *Defendants.* | § | |

REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' RENEWED MOTION TO
DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT WITH BRIEF

Defendants CLP Circular Services, LLC ("CLP"), Balcones Recycling, LLC ("Balcones Recycling"), Closed Loop Partners, LLC ("Closed Loop") and Balcones Resources, LLC f/k/a Balcones Resources, Inc. ("Balcones Resources") file this Reply to Plaintiff Carvell Oliver's ("Oliver") Response to Defendants' Renewed Motion to Dismiss Plaintiff's Second Amended Complaint with Brief in Support for failure to state a claim ("Reply"). Fed. R. Civ. P. 12(b)(6).

## I.   INTRODUCTION

1.     The facts and legal arguments stated in Defendants' Renewed Motion to Dismiss Pro Se Plaintiff's Second Amended Complaint ("Renewed Motion"), are incorporated herein by reference and will not be restated.  Instead, this Reply is intended as a supplement to the Renewed Motion to address specific issues raised in Plaintiff's Response to Defendants' Renewed Motion.

2.     Briefly, on December 30, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission, Civil Rights Division ("TWCCRD") asserting a claim of race discrimination and retaliation against

Defendant Balcones Resources only ("EEOC Charge"). (Dkt. 3, pp. 41-43).[1]

3.      On February 12, 2025, Defendants Circular Services, LLC, Closed Loop Partners, LLC and Balcones Recycling, LLC filed their Motion to Dismiss Plaintiff's Complaint for Failure to State a claim upon which relief could be granted for both Oliver's Title VII and Section 1981 discrimination and retaliation claims ("Motion") under Fed. R. Civ. P. 12(b)(6). (Dkt 20).   In response to Defendant's Motion, Plaintiff filed his Unopposed Motion for Leave to file his Second Amended Complaint (Dkt. 25), which was granted by the Court (Dkt. 26), and the Second Amended Complaint was accepted by the Court as filed on March 6, 2026 (Dkt. 27).  Defendants filed their Renewed Motion to Dismiss the Second Amended Complaint. [2]

4.      On April 10, 2026, Pro Se Plaintiff filed his Response to Defendants Renewed Motion to Dismiss Plaintiff's Second Amended Complaint ("Response").  Oliver makes two main legal arguments: (1) CLP, Balcones Recycling, Closed Loop and Balcones Resources are his joint employers through the "integrated Enterprise" doctrine; and (2) that his failure to name entities other than Balcones Resources in the EEOC Charge does not bar this lawsuit against them.

## II.      ARGUMENT AND AUTHORITIES

5.      Plaintiff's Second Amended Complaint fails to allege sufficient facts to maintain a cause of action against any Defendant named herein. Fed. R. Civ. P. 12(b)(6).  The Court cannot accept new factual allegations raised in the Response only, but that do not exist in the Second Amended Complaint. *Kirk v. Our Community Our Kids*, Civil Action No. 3:25-CV-0066-D, 2025 WL 3650756, at *2 (N.D. Tex. Dec. 17, 2025) [Dallas Division] [J. Fitzwater] (citing *Sw. Bell Tel., LP v. City of Houston,* 529 F.3d 257, 263 (5th Cir. 2008)) (for purposes of Rule 12(b)(6)

---

[1]  Other than Balcones Resources, Plaintiff did not list any other entity as his employer in that EEOC Charge of Discrimination.  On September 9, 2025, Oliver received a Notice of Right to Sue from the EEOC. (Dkt. 3, p. 11).
[2]  Based on Plaintiff's Second Amended Complaint, CLP, Balcones Recycling, Closed Loop and Balcones Resources are the only defendants remaining in this lawsuit as the others have been dropped by Oliver.

**Defendants' Reply to Plaintiff's Response to Renewed Rule 12(b)(6) Motion to Dismiss 2nd Complaint   Page 2**

motions, the court considers only the allegations made in the complaint). Plaintiff's Second Amended Complaint fails to articulate facts to support claims for race discrimination or retaliation.

6.      First, Oliver failed to exhaust his administrative remedies required to file suit under Title VII because he did not file a Charge of Discrimination against any Defendants named in the Second Amended Complaint other than Balcones Resources. This is reflected in EEOC Charge he attached as an exhibit to his Original Complaint. (Dkt. 3, p. 41).[3] Oliver's Title VII claims against CLP, Closed Loop and Balcones Recycling should be dismissed on that basis alone.

7.      Oliver does not allege facts to establish any colorable claim for race discrimination or retaliation under either Title VII or Section 1981. Specifically, Plaintiff fails to allege facts sufficient to show that any employment action taken against him was related to his race, African American. He also fails to plead facts to allow the Court to reasonably infer that each defendant named herein is liable under Section 1981 to satisfy that burden of proof. *James v. Alorica, Inc*. No. 3:25-cv-1855-S-BN, 2025 WL 3028173, at *4 (N.D. Tex. Oct. 3, 2025) (Dallas Division).

8.      Plaintiff has not alleged facts sufficient to support a claim that Defendants qualify as an Integrated Enterprise nor that any exception to the obligation to exhaust administrative remedies as to all entities named herein applies to this case. Therefore, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint should be granted. As Plaintiff has been afforded several opportunities to replead his facts, a dismissal of this lawsuit should be with prejudice.

   **A.      CLP, Closed Loop and Balcones Resources are not Oliver's Employers and Neither the Joint Employer / Integrated Enterprise Doctrine Apply.**

9.      The Fifth Circuit "applies two tests to determine whether an employment relationship exists: (1) the hybrid economic realities/common law control test" and (2) "the single,

---

[3] Defendants further challenge that Balcones Resources was Oliver's employer, and instead, maintain that his only employer was Balcones Recycling as reflected on tax documents, but which was not named in the EEOC Charge.

integrated enterprise test." *Kirk,* 2025 WL 3650756, at *2.  When, as in this case, the parties do not dispute that one defendant (Balcones Recycling) is Plaintiff's employer, the single, integrated enterprise test is appropriate for determining whether the other defendants can be held liable. *Id*.; *Schweitzer v. Advanced Telemarketing Corp*., 104 F.3d 761, 764 (5th Cir. 1997).

10.     To determine whether the "integrated enterprise" doctrine applies, courts evaluate: "(1) Interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Kirk,* 2025 WL 3650756, at *2 (quoting *Trevino v. Celanese Corp*., 701 F.2d 397, 403-04 (5th Cir. 1983)).  Other than vague conclusory statements, Plaintiff's Second Amended Complaint does not state facts from which the Court could determine that centralized control or common management or ownership existed, and the Court may not consider new facts raised in Plaintiff's Response to the Renewed Motion as a substitute for pleading requirements. *Id*.; *Sw. Bell Tel.,* 529 F.3d at 263.

11.     The collective reference to all entities as "Defendants" with no specific facts to support a reasonable inference of "integrated enterprise" does not allow the Court to apply the factors required to determining whether Kirk has plausibly plead Integrated Enterprise. See *Kirk*, 2025 WL 3650756, at *2 (granting defendant's motion to dismiss Title VII claim against one of two defendants based on Plaintiff's failure to plead facts to support that defendants were part of a single integrated enterprise); *Tilford v. TEGNA, Inc*., Civil Action No. 3:25-CV-1717-D, 2025 WL 3522710, at *2 (N.D. Tex. Dec. 9, 2025) [Dallas Division] (court granted motion to dismiss defendants for plaintiff's failure to sufficient allege facts to assert colorable claim for "integrated enterprise" in Title VII discrimination and retaliation case). The same pleading requirements apply to Section 1981 cases. See *Yarbrough v. SlashSupport, Inc*., 152 F.4th 658, 669 (5th Cir. 2025).

12.     Oliver fails to allege sufficient facts to show that CLP or Closed Loop were his

employers under Title VII or constituted an Integrated Enterprise under Section 1981.  Instead, Plaintiff makes conclusory statements that CLP "exercised operational and human-resources control over the business operations at issue." (Dkt. 27, p.2).  Plaintiff similarly makes the conclusory assertion that Closed Loop "exercised executive oversight and control over affiliated operations, including financial and accounting leadership that impacted Circular Services." (Dkt. 27, p.2).  Oliver further makes the conclusory statement that Defendants "operated as an integrated enterprise and/or joint employers" without any facts to support those statements. (Dkt. 27, p.3).  These vague allegations are insufficient to show employer-employee status or that a contractual relationship existed between those entities and Oliver.

13.    To the extent that Plaintiff attempts to add factual allegations in his Response, the Court cannot accept new factual allegations that were raised in the Response only, but that do not exist in the Second Amended Complaint. *Kirk v. Our Community Our Kids*, Civil Action No. 3:25-CV-0066-D, 2025 WL 3650756, at *2 (N.D. Tex. Dec. 17, 2025) [Dallas Division] [J. Fitzwater] (citing *Sw. Bell Tel., LP v. City of Houston,* 529 F.3d 257, 263 (5th Cir. 2008)) (for purposes of Rule 12(b)(6) motions, the court considers only the allegations made in the complaint).  Thus, those entities should be dismissed from this lawsuit under Fed. R. Civ. P. 12(b)(6).

**B.    Plaintiff has Not Established any Exception to his Failure to Exhaust Administrative Remedies under Title VII.**

14.    In states such as Texas, which has a state administrative mechanism for discrimination complaints, a plaintiff must file a Title VII charge of discrimination with the EEOC no later than 300 days after the discriminatory conduct is alleged to have occurred. 42 U.S.C. §2000e-5(e)(1); *Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir. 1994).  *See also James v. Alorica, Inc*. No. 3:25-cv-1855-S-BN, 2025 WL 3028173, at *3 (N.D. Tex. Oct. 3, 2025) (court granted motion to dismiss complaint against defendant not named in EEOC Charge of

Discrimination within 300 days because plaintiff failed to exhaust administrative remedies). Similarly, Oliver's Title VII discrimination claims against all Defendants other than Balcones Resources (named in the Charge) should be dismissed on that basis alone.

15.    A party not named in the EEOC Charge of Discrimination cannot be sued under Title VII because that claimant has not exhausted his administrative remedies. *Obinyan v. Prime Therapeutics, LLC*, Civil Action No. 3:18-cv-0933-D, 2019 WL 5647955 (N.D. Tex. Oct. 31, 2019); *EEOC v. Simbaki, Ltd*, 767 F.3d 475, 481 (5th Cir. 2014). Title VII plaintiffs must exhaust administrative remedies before seeking redress in federal court. *Davis v. Fort Bend Cty.*, 893 F.3d 300, 303 (5th Cir. 2018). There is no indication from the EEOC Charge of Discrimination ("Charge") that any Defendant other than Balcones Resources was named in the Charge. (Dkt. 3, p.41, attachments to Original Complaint). Moreover, there are no facts alleged in Plaintiff's Second Amended Complaint to show that any of the other Defendants named herein were notified of the Charge when it was filed or during the EEOC investigation.

16.    In his Response, Plaintiff claims that one of two exceptions apply to his failure to name any party in the EEOC Charge other than Balcones Resources: (1) that there was "sufficient identity of interest between the named and unnamed parties;" and (2) that "the unnamed parties had notice and an opportunity to participate in the administrative process." (Dkt. 34, p.5). Oliver again relies on conclusory statements that were not included in his Second Amended Complaint.

17.    The Fifth Circuit has identified two exceptions to Title VII's named party requirement. The first stems from a four-factor test set forth by the Third Circuit: " (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the EEOC filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining

voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party." *Martin v. Orbital Energy Group, Inc.*, Civil Action No. 3:22-CV-1968-B, 2023 WL 4533926, at *3 (N.D. Tex. July 12, 2023) [Dallas Division] [J. Boyle].  The second exception was first recognized by the Seventh Circuit and considers that "certain parties with actual notice of of the EEOC proceedings may also be sued." *Id*.  The rationale is that if an unnamed party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, the charge is sufficient to confer jurisdiction over that party. *Id.*

18.    In this case, Oliver has failed to satisfy either exception to his obligation to include the correctly named party in the Charge.  Oliver's own business card identified Balcones Recycling as his actual employer, as did his W-2 documents. (Dkt. 3, p. 37), yet he failed to name that entity. In addition, other than Balcones Resources, the other entities named as Defendants in this lawsuit, CLP and Closed Loop and were not named in the Charge and did not have similar names to Balcones.  Plaintiff could not have confused those names with his employer Balcones Recycling.

19.    Equally important, Oliver has not alleged that the entities not named in the Charge were on notice of the EEOC proceeding and could have participated in the investigation and/or conciliation process.  Therefore, he fails to satisfy either exception to his failure to name those entities as his employer in the EEOC Charge as a prerequisite to filing suit. See *Martin*, 2023 WL 4533926, at *4 (motion to dismiss Amended Complaint granted because plaintiff had no facts to show that Orbital Energy and Orbital Solar's interests were so similar that including Orbital Energy's name to the charge of discrimination was unnecessary).  Moreover, Judge Boyle in

*Martin* concluded that two entities are not considered one in the same "merely because an employee of a subsidiary company reports to an employee of the parent company." *Id*. at *4. Likewise, Oliver has not shown any interrelationship between all Defendants named herein.

**C.      Plaintiff's Cause of Action Under Section 1981 Likewise Fails.**

20.      In a Section 1981 case, "a plaintiff must initially plead and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Id. at* 1019.  The pleading requirement for Section 1981 cases is higher than for Title VII cases because Section 1981 requires a plaintiff to plead and prove "but for" causation, which differs from Title VII's reduced requirement that discrimination played a role in the employment decision. *Metwalli v. Senneca Holding*, No. 3:25-cv-1815-N-BN, 2025 WL 3506796, at * 2 (N.D. Tex. Oct. 31, 2025)

21.      A plaintiff naming several defendants as employers must plead sufficient factual content to allow the court to reasonably infer that each defendant named is liable under Section 1981 under the appropriate burden of proof. *James v. Alorica, Inc*. No. 3:25-cv-1855-S-BN, 2025 WL 3028173, at *4 (N.D. Tex. Oct. 3, 2025) (Dallas Division) (citing *Chhim v. Univ. of Tex. at Austin*. 836 F.3d 467, 470 (5th Cir. 2016)).  Oliver does not offer sufficient facts to show any Section 1981 liability for CLP, Closed Loop, Balcones Resources or Balcones Recycling. Therefore, Oliver's Second Amended Complaint against all Defendants named herein, CLP, Closed Loop, Balcones Resources and Balcones Recycling should be dismissed.

**III.      PRAYER**

For the reasons set forth above, Defendants respectfully request that the Court grant Defendants' Renewed Motion to Dismiss Plaintiff's Second Amended Complaint against all Defendants in remaining in this lawsuit, Defendants CLP Circular Services, LLC, Balcones Recycling, LLC, Closed Loop Partners, LLC and Balcones Resources, LLC f/k/a Balcones Resources, Inc., and grant any further relief to which Defendants may show themselves entitled.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Laura E. De Santos*
Laura E. De Santos
TBN: 00793612
ldesantos@grsm.com
Robin Foret
TBN: 07256580
rforet@grsm.com
1900 West Loop South, Suite 1000
Houston, TX  77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938

Soña J. Garcia
TBN. 24045917
sjgarcia@grsm.com
2200 Ross Avenue, Suite 3700
Dallas, TX 75201
Telephone: (214) 231-4660
Facsimile: (214) 461-4053

**ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 24, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the pro se Plaintiff in this case as follows:

Mr. Carvell Oliver
400 N. Ervay Street, Unit 130831
Dallas, Texas 75313
(773) 580-6172
Coliver1773@outlook.com

PRO SE PLAINTIFF

*/s/ Robin Foret*
Robin Foret

**Defendants' Reply to Plaintiff's Response to Renewed Rule 12(b)(6) Motion to Dismiss 2nd Complaint    Page 9**